JUDGE DAVID BRIONES

JUDGE DAVID BRIONES

**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF TEXAS**

FILED

2006 MAR -9 PM 4: 48

BY _____

DEPUTY

ALEMAN-Alcalá, Azucena (aka ALEMAN, Lluvia Azucena) )
ALEMAN-Alcalá, Jessica (aka ALEMAN, Yesica Magali) )

Petitioners-Appellee,                                )

    v.                                               )

                                             )

GONZALES, as Attorney General                        )
Of the United States;

Department of Homeland Security                       )

Texas District Director for the DHS;                 )

ICE Field Office Director for Detention & Removal    )

Connie Perez, In charge SouthWest Key Detention Center )

Office of Refugee Resettlement (ORR)                 )

                                       )

      Respondents-Appellants                          )

EP06CA0103

---

**PETITION FOR WRIT OF HABEAS CORPUS**

Respectfully Submitted:

**LAW OFFICE OF LYDA NESS**

Attorney for the Petitioners

609 Myrtle Avenue Suite 102

El Paso, TX 79901

Tel : (915) 351-2171

Fax : (915) 351-4053

1

## I.    TABLE OF CONTENTS

**A.**   I-94 Legal Entry Document

**B.**   Birth Cert for Noe Aleman & Naturalization Cert for Isabel Aleman

**C.**   Agreed Temporary Orders dated March 3, 2004

**D.**   School Records for Lluvia Azucena Aleman & Yessica Magali Aleman

**E.**   I-130 Petition

**F.**   I-130 Receipt Notice for Azucena Aleman & Jessica Aleman

**G.**   Final Adoption Order

**H.**   Letter from Thomas E. Stanton

**I.**   Notice to Appear for Azucena Aleman & Jessica Aleman

**J.**   Immigration Judge's Order

**K.**   Notice of Appeal to Board of Immigration Appeals

## II.   TABLE OF AUTHORITIES

**CASE LAW**

*Henderson v. Reno,* 157 F.3d 106, 122 (2d Cir. 1998),
*cert. denied sub. nom. Reno v. Navas,* 119 S. Ct. 1141 (1999)
*Malloy v. Hogan*, 378 U.S. 1 (1964)
*McCarthy v. Arndstein*, 266 U.S. 34 (1924)

**STATUTES**

5 USC § 701
8 USC § 1103 (a)
8 USC § 1103 (c)
28 USC § 1331
28 USC §§ 1391 (e) and 2241
28 USC § 1651
28 USC § 2201
28 USC §§ 2241(c)(1) and (3), and 2255
Art I. § 9, cl. 2 of the United States Constitution
APA

## III.  STATEMENT OF THE CASE

1.  Petitioners, by and through their undersigned counsel, hereby respectfully petition this Honorable Court for a Writ of Habeas Corpus to remedy their unlawful and illegal detention, and to enjoin Respondents from denying Petitioners' request for release.

2.   Petitioners, Azucena Alcala Aleman and Jessica Alcala Aleman, 16 and 17 years old respectively, are in the custody of Immigration and Customs Enforcement ("ICE") at the SouthWest Key Facility in Canutillo, Texas. They are under the direct control of Respondents and their agents.

### III.   JURISDICTION OF THE COURT

3.   This Court has jurisdiction under 28 USC §§ 2241(c) (1) and (3), and 2255 ("Habeas Corpus"), Art I. § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 USC § 1331.  This Court is empowered to issue declaratory relief pursuant to 28 USC § 2201 ("Declaratory Judgment").

4.   Petitioners are presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. *See e.g., Henderson v. Reno,* 157 F.3d 106, 122 (2d Cir. 1998), *cert. denied sub. nom. Reno v. Navas,* 119 S. Ct. 1141 (1999). This Court may grant relief pursuant to 28 U.S.C. § 2241, the APA, the Declaratory Judgment Act, 28 USC § 2201 *et.seq.* and the All Writs Act, 28 USC § 1651.

5.   Venue lies in the United States District Court for the Western District of Texas. Jurisdiction exists pursuant to 28 USC § 2241, 28 USC § 1331, and 5 USC § 701. The Western District of Texas is the correct judicial district as the Petitioners are in the Custody of the Southwest Key Facility. It is also where Respondents, the Attorney General of the United States, the Department of Homeland Security ("DHS") District Director, and the Warden regularly or at various times conduct business. 28 USC § 1391(e) and 2241.

### IV.  PARTIES

6.   Petitioners are natives of Mexico. Respondents took Petitioners into custody on or about June 15, 2004 and have detained them since without any effort to release them on supervised release despite repeated requests and even though Petitioners have cooperated with the Government in the Government's investigation.

7.   Respondent Alberto Gonzales (hereinafter "Respondent Gonzales") is sued in his official capacity as Attorney General of the United States. In this capacity, he is responsible for the administration and enforcement of the immigration laws pursuant to 8 USC § 1103 (a) and routinely conducts business in the Western District of Texas.

8.   Respondent, Department of Homeland Security ("DHS") Texas District Director, is sued in his official capacity. In this capacity, he is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103 (c) and is legal custodian of Petitioners.

9.   Respondent Michael Chertoff is the Secretary of the DHS. He is responsible for the administration of the United States Citizenship and Immigration Service ("USCIS") and the implementation and enforcement of the Immigration and Nationality Act ("INA"). As such, he is also a custodian of Petitioners.

10. Respondent, Immigration and Customs Enforcement ("ICE") Field Office Director for Detention & Removal. In this capacity, he is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103 (c) and is legal custodian of Petitioners.

11.   Respondent, Connie Perez, in charge of the SouthWest Key Detention Center, is the immediate custodian of Petitioners. In this capacity, she is responsible for the day-to-day control over Petitioners and can produce the actual bodies.

12.   Respondent, Office of Refugee Resettlement ("ORR") is responsible for the release of Petitioners.

## V.   ISSUES PRESENTED

13.   Immigration and Customs Enforcement (ICE") have unlawfully detained Petitioners despite having been lawfully adopted, legally and binding pursuant to Texas State Adoption and Family Law, by US Citizen parents.

## VI.   STATEMENT OF FACTS

14.  Petitioners, Azucena Alcala Aleman and Jessica Alcala Aleman are 16 and 17 years old natives of Mexico. They were legally admitted on or about March 12, 2004 into the United States on parole (**Exhibit A - I-94 Legal Entry document**) for one day to attend their adoption hearing at Texas State Court, located at the District Court of El Paso County, Texas.

15. Petitioners are the lawfully and presently adopted daughters of Noe Aleman and Isabel Aleman both citizens of the United States **(Exhibit B – Proof of Identification)**. The petitioning couple was granted an unconditional adoption on April 23, 2004 by the presiding judge of the District Court of El Paso County, Texas **(Exhibit C – Agreed Temporary Orders from the Texas State Court)**. Petitioners were enrolled in Coronado High School by their adoptive parents, where they excelled in their curriculum **(Exhibit D – School Transcript)**. The adoptive parents filed an Immigrant Petition for Relative on July 7, 2004 **(Exhibit E – Immigrant Petition for Relative I-130 Petition)**.

16. On June 15, 2004 Petitioners were taken into custody by ICE when they reported to the Immigration Officer to obtain an extension of their stay in the United States during the pendency of their I-130 adjudication **(Exhibit F I-130 Petition Receipt Notice)**. The entire episode was in retrospect, an insidious and wholly illegal "trap" to arrest, and subsequently detain Petitioners and deprive them of their lawfully adoptive family in the United States.

17. Petitioners currently remain in the custody of ICE and DHS at the SouthWest Key Detention Facility in Canutillo, Texas. Petitioners have repeatedly applied for release from custody several times, however, each time release has been denied because of the pending charges on appeal brought against their adoptive father, Mr. Noe Aleman. Mr. Aleman was charged before the Petitioners were taken into custody.

18. Mr. Aleman was arrested and charged with the harboring of illegal aliens, the use of false documents to obtain an adoption, and conspiracy. The matter is currently pending on appeal. Some charges were upheld while others are pending on appeal. In other words, Mr. Aleman is innocent. The charges, according to Mr. Aleman and his Wife are completely false and baseless as the Texas District Court, after careful analysis of the documents and testimony of the witnesses, as well as from Petitioners, issued a final and duly granted order of adoption **(Exhibit G – Adoption Order)**.

19.   Further, Petitioners were further harassed by the United States Government being forced and compelled to testify at a (grand) jury hearing as to their relations with their adoptive parents, Noe Aleman and his wife Isabel.   Petitioners denied all allegations by Immigration and Customs Enforcement ("ICE") and Department of Homeland Security ("DHS") of abuse against Mr. Aleman.   Please see attached letter from Thomas E. Stanton *appointed Ad Litem Attorney by government* from Stanton and Antcliff dated June 6, 2005 **(Exhibit H)**.

20.   There is absolutely no evidence to prove the United States Government's fictitious allegations of abuse against Mr. Aleman. The denial of a duly executed request for release from custody is totally erroneous and illegal and is based on unfounded allegations made by the United States Government against Mr. Aleman. Further, the United States Government's allegations that Mr. Aleman used fraudulent documents to obtain the adoption are unfounded. The final order of adoption currently stands valid, and the United States Government has not presented *any* evidence to show the invalidity of the adoption order, whether legal or factual.

21.   In point of fact, before any charges of abuse were brought against Mr. Aleman, Petitioners were interviewed by an officer at the Office of Inspector General ("OIG") and a Special Agent from the Federal Bureau of Investigation ("FBI"). Petitioners were interrogated about any potential or possible sexual abuse by Mr. Aleman. Petitioners vehemently and consistently denied any and all allegations of abuse. The Petitioners were subjected to extreme interrogation without presence of their legal counsel, or guardian.

22.   To illustrate the horrific and awful rap Petitioners and their family have been treated, after no evidence of abuse was discovered from this totally hostile and illegal interrogation and psychological trauma; Petitioners were, in retaliation, placed in Removal Proceedings on or about June 15, 2004 and June 30, 2004. They were charged under Immigration and Nationality Act ("INA") § 237(a)(1)(B) of remaining in the US for a longer time than permitted **(Exhibit I - Notices to Appear)**.

23. At the Immigration Hearing on June 20, 2005, Petitioners, through their counsel, applied for Admission to the US based on the fact that they are legally adopted daughters of US Citizen parents. The Immigration Judge denied the Application and ordered them removed. **(Exhibit J - Immigration Judge's Order)** Petitioners have appealed the decision to the Board of Immigration Appeals ("BIA") and is currently pending.

24. Further, at the Immigration Court Hearing, Petitioner's counsel requested the Immigration Judge, to recuse himself for bias and prejudice towards Mr. Aleman. Counsel for Petitioner stated on the record, that the Immigration Judge conducting the proceedings had previously served at the Office of US Attorney for the Western District. The Immigration Judge was approached by the Office of the US Attorney in an ex-parte communication and was made aware of the pending criminal allegations against Mr. Aleman, an entirely illegal procedure, potentially affecting the Judge's ability to be fair and impartial. The briefing on Mr. Aleman's criminal charges was done in private, in the absence of Petitioners, and their legal counsel. The knowledge irrefutably tainted the Immigration Judge's judgment, as well as his consideration of Petitioner's Application for Admission **(Exhibit K - Appeal to the BIA)**.

25. The Government thus refused to release Petitioners until Mr. Aleman's appeal is adjudicated.

26. Petitioners are constantly threatened by the Government, an entirely illegal and unjust development that they would be returned to Mexico. Petitioners cannot return to Mexico because their entire family resides in the United States.

27. The Government is not transferring them to an orphanage, as they are not considered orphans in light of the valid adoption order, at the same time, they are not being released to their adoptive parents.  Therefore they will likely be released in to the wilds of Mexico, where they will undoubtedly be killed or exploited.

8

28.   No other petition for a Writ of Habeas Corpus has been made.

## VII. ARGUMENT

### FIRST CLAIM FOR RELIEF

**(DISREGARD BY THE FEDERAL GOVERNMENT OF A SETTLED STATE ISSUE)**

28.   The Petitioners re-allege and incorporate by reference each and every allegation contained in the paragraphs 1 through 27 as if set forth fully herein.

29.   The Petitioners are adopted daughters of US Citizen parents. The adoption has been properly obtained in Texas District Court. It has not been challenged by the Government and stands valid. The Federal Agencies such as the FBI and the OIG have stepped over their powers to interfere with State powers. The Texas State Court duly granted Mr. Aleman a lawful adoption after careful consideration of all documents and testimonies. The adoption remains valid to this day, and has not been challenged.

30.   After completion of the adoption proceedings, Petitioners were called in by Immigration Officer to collect extension of their stay in the United States.   While they were waiting for their paperwork, agents from the Office of the Inspector General ("OIG"), Border Patrol Security ("BPS") and the Federal Bureau of Investigation ("FBI") approached Mr. Aleman and asked him if he knew Petitioners. He informed them that they were his adopted daughters.   Despite having proper state adoption papers Mr. Aleman was taken into custody for harboring illegal aliens.   Petitioners were also taken into custody and detained at the ICE Detention Facility. Such blatant disregard of the State District Court's decision, without any basis in law or fact, is a sheer violation of the State Court's authority.

## SECOND CLAIM FOR RELIEF
### (DUE PROCESS VIOLATION)

31.  Petitioners re-allege and incorporate by reference each and every allegation contained in the paragraphs 1 through 30 as if set forth fully herein.

32. The Petitioners, who are minors, were arbitrarily taken into custody by the Federal Agencies. They were interrogated and questioned, under extremely harsh conditions, without a presence of a counsel or a guardian. After two hours of interrogation they were taken into custody and detained at Las Cruces Detention Facility. They were told by the Federal agents to sign legal documents without any advice from their parents or legal counsel.

33.  The Petitioners were interviewed without an attorney by OIG and FBI for unfounded allegations of sexual abuse by their adoptive father. Their due process was violated at the immigration hearing when the Judge was approached by the US Attorneys' Office and was ex-parte informed about the allegations. The failure of the Immigration Judge to recuse himself of the case when there was clear bias and prejudice on his part is a violation of the Petitioners' right to due process. The Immigration Judge had served at the US Attorney's office, and he was briefed by the AUSA in the absence of the Petitioners their parents and their counsel.

34.  The Fifth Amendment prevents individuals from being punished without "due process of law." Due process extends to all persons (including non-US citizens). The Petitioners' unlawful detention is a violation of their due process rights as Petitioners are being detained without just cause.

35.  Further, the Petitioners were compelled to testify before the grand jury against their adoptive father for the false charges the US Government had brought against him. Mr. Aleman was taken into custody and was refused contact with Petitioners because they were to be used as witnesses against him.  Petitioners were subjected to excessive interrogation by the US Attorneys' Office. During their testimony in one of the hearings and upon

10

information I believe they were addressed as "little whore" by the US Attorney who conducted the testimony on behalf of the Government.

36.   Fifth Amendment protections apply wherever and whenever an individual is compelled to testify. The U.S. Supreme Court has ruled that the privilege against self-incrimination applies whether the witness is in Federal or State court (see *Malloy v. Hogan*, 378 U.S. 1 (1964)), and whether the proceeding itself is criminal or civil (see *McCarthy v. Arndstein*, 266 U.S. 34 (1924)).

## THIRD CLAIM FOR RELIEF

### (VIOLATION OF THE UNITED NATIONS CONVENTION RIGHTS OF THE CHILD ARTICLE 37 (b))

37.   Petitioners re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 36 as if set forth fully herein.

38.   Article 37 (b) of the United Nation Convention Rights of the Child ("UNCRC") states that States Parties shall ensure that:

No child shall be deprived of his or her liberty unlawfully or arbitrarily. The arrest, detention or imprisonment of a child shall be in conformity with law and shall be used only as a measure of last resort, and for the shortest appropriate period of time;

39.   Article 37(c) of the United Nation Convention Rights of the Child ("UNCRC") states that every child deprived of liberty shall be treated with humanity and respect for the inherent dignity of the human person, and in a manner which takes into account the needs of persons of his or her age. In particular, every child deprived of liberty shall be separated from adults unless it is considered in the child's best interest not to do so and shall have the right to maintain contact with his or her family through correspondence and visits, save in exceptional circumstances.

40.   Article 37(d) Every child deprived of his or her liberty shall have the right to prompt access to legal and other appropriate assistance, as well as the right to challenge the legality of the deprivation of his or her liberty

before a court or other competent, independent and impartial authority, and to a prompt decision on any such action.

41. The Petitioners were first taken into custody on June 15, 2004. They were released after three weeks when the US Attorneys' Office was advised that a Habeas Corpus Petition for wrongful detention would be filed in order to have the Petitioners released. The Petitioners were released the next day to the friends of their adoptive parents (Lisa and Tony Poole).

42. The Petitioners remained in the custody of the Pool family for about seven months, until they were arrested again. Unfortunately, during their stay with the Pool family the Petitioners were abused and mistreated. For instance, candies were thrown at them at Halloween. Mr. Poole came into the house brandishing a weapon to harass Petitioners. They were constantly misadvised by the Pool family about belonging to them instead of their actual adoptive parents. They were at times forced to sign paperwork to nullify the adoption. The Petitioners therefore request that they be released to their adoptive mother Isabel Aleman.

43. Petitioners are constantly being threatened by the Immigration Authorities at the Detention Center that they will be sent back to Mexico and that they will be separated from their US Citizen parents. Petitioners currently qualify for adjustment of status as stated under the Immigration and Nationality Act.  However, their unlawful detention is preventing them from continued residence with their adoptive parents.

44. Petitioners are minors who have been subjected to harsh interrogation by OIG and FBI as well as Grand Jury testimony against their adoptive father. Such violation of due process rights of the Petitioners is unwarranted. Further their unwarranted continued detention tantamount to violation of their human rights and liberties.

12

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, the Petitioners pray that this Honorable Court grant the following relief:

(1)   Grant the Writ of Habeas Corpus and Order that the Government release them from detention to their US Citizen parents or to their adoptive mother;

(2)   Stay the transfer of Petitioners.

(2) Award Petitioners reasonable costs and attorneys' fees; and

(3) Grant any other and further relief which this Honorable Court deems just and proper.

Dated: March 9, 2006

Respectfully submitted,

Lyda Ness Attorney at Law
LAW OFFICE OF LYDA NESS
Attorney for Petitioners
609 Myrtle Suite 102
El Paso, Texas 79901
Tel: (915) 351-2171
Fax: (915) 351-4053

## **Certificate of Service**

I certify that a true copy of Petition for Writ of Habeas Corpus was served on U.S. Attorney's Office, 700 East San Antonio Ave., Suite 200, El Paso, TX 79901 via postal service and in accordance with the Texas Rules of Civil Procedure on the  9th  day of March, 2006.

Lyda Ness
Attorney at Law

13

# EXHIBIT
## "A"

JUN-08-2004 TUE 12:21 PM FOI SECTOR OIA          FAX NO. 915_ 8 9001          P. 16
JUN-08-2004 TUE 10:48 AM INS - DISTRICT DIRECTOR   FAX NO. 91522..743          P. 13/13

B 24477840 10

PAROLED UNTIL May 13, 2004
PURPOSE Court
Proceedings
PDN/ELP May 13, 2004 6026
(PORT) (DATE) (OFFICE)

Servicio de Inmigración
y Naturalización
I-94
Registro de salida

GALVAN ALCALA
JESICA MAGALI          08 03 88

MEXICO

Ves el reverso          STAPLE HERE

---

B 24477830 1

PAROLED UNTIL May 13, 2004
PURPOSE Court
Proceedings
PDN/ELP May 13, 2004 6026
(PORT) (DATE) (OFFICE)

Servicio de Inmigración
y Naturalización
I-94
Registro de salida

GALVAN ALCALA
LUVIA AZUCENA          26 05 81

MEXICO

Ves el reverso          STAPLE HERE



# EXHIBIT
# "B"



THE UNITED STATES OF AMERICA

CERTIFICATE OF NATURALIZATION

No. 20251653

Personal description of holder as of date of naturalization:
Date of birth: MARCH 11, 1965
Sex: FEMALE
Height: 5 feet 4 inches
Marital status: MARRIED
Country of former nationality: MEXICO

INS Registration No. A28 553 066

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

Isabel Alcala de Aleman
(Complete and true signature of holder)

Be it known that, pursuant to an application filed with the Attorney General

at: AMARILLO, TEXAS

The Attorney General having found that:

ISABEL ALCALA DE ALEMAN

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

at: AMARILLO, TEXAS          on: OCTOBER 5, 1992

that such person is admitted as a citizen of the United States of America.

Gene Milner
Commissioner of Immigration and Naturalization

FORM N-550 REV 6 84

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

DEPARTMENT OF JUSTICE

# EXHIBIT
## "C"

ADOPTION

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**

_388 th_ **JUDICIAL DISTRICT**

GILBERT ~~SANCHEZ~~

ADOPTION

IN THE INTEREST OF §
§
SIADA ANABEL GALVAN, § 2004 MAR 3 PM 2 25    CAUSE NO. ~~2003CM~~ 2004CM012
MAGALI GALVAN §
AND LUBIA GALVAN §
CHILDREN §

## AGREED TEMPORARY ORDERS

1    _Date of Hearing_

On ___March 3___ , 2004 a pretrial conference was held.

2    _Appearances_

Petitioners, NOE ALEMAN, JR. and ISABELA ALEMAN, appeared in person and through attorney of record, LYDA A. NESS

The following persons waived issuance and service of citation by waiver duly filed and did not otherwise appear  JUANA ALCALA

The father of the minor children, the subjects of this suit is ESTEBAN GALVAN, Respondent, who is deceased.

3    _Children_

The Court finds that the following children are the subjects of this suit.

Name: SIADA ANABEL GALVAN
Birthplace: Mexico
Birth date: August 9, 1985

Name  MAGALI GALVAN
Birthplace: Mexico
Birth date: March 8, 1988

Name: LUBIA GALVAN
Birthplace: Mexico
Birth date: May 26, 1981

Conservatorship

The Court finds that the following orders are in the best interest of the children.

IT IS ORDERED that NOE ALEMAN, JR., ISABELA ALEMAN and JUANA ALCALA are appointed Temporary Joint Managing Conservators of the following children  SIADA ANABEL GALVAN, MAGALI GALVAN and LUBIA GALVAN.  IT IS FURTHER ORDERED that NOE ALEMAN, JR and ISABELA ALEMAN are appointed Primary Joint Managing Conservators of the minor children  the subjects of this suit

IT IS ORDERED that, at all times, NOE ALEMAN, JR and ISABELA ALEMAN, as a temporary joint managing conservators, shall have the following rights:

ORIGINAL

concerning the health, education, and welfare of the children;

2    the right to confer with the other conservator to the extent possible before making a decision concerning the health, education, and welfare of the children;

3    the right of access to medical, dental, psychological, and educational records of the children;

4    the right to consult with a physician, dentist, or psychologist of the children;

5.    the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.    the right to attend school activities;

7.    the right to be designated on the children's records as a person to be notified in case of an emergency;

8.    the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9    the right to manage the estates of the children to the extent the estates have been created by the conservator or the conservator's family.

IT IS ORDERED that, at all times, NOE ALEMAN, JR. and ISABELA ALEMAN, as a temporary joint managing conservators, shall have the following duties:

1    the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2    the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.  WARNING:  A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, at all times, JUANA ALCALA, as a temporary joint managing

conservator, shall have the following rights:

1.  the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children,

2.  the right to confer with the other conservator to the extent possible before making a decision concerning the health, education, and welfare of the children,

3   the right of access to medical, dental, psychological, and educational records of the children;

4.  the right to consult with a physician, dentist, or psychologist of the children;

5.  the right to consult with school officials concerning the children's welfare and educational status, including school activities,

6.  the right to attend school activities;

7.  the right to be designated on the children's records as a person to be notified in case of an emergency;

8.  the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9   the right to manage the estates of the children to the extent the estates have been created by the conservator or the conservator's family

IT IS ORDERED that, at all times, JUANA ALCALA, as a temporary joint managing conservator, shall have the following duties·

1   the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children, and

2   the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter   IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate.   IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.   WARNING:  A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR

of the children in relation to the children's estates if the children's action is

FAILS TO PROVIDE THIS NOTICE

IT IS ORDERED that, during her respective periods of possession, NOE ALEMAN, JR. and ISABELA ALEMAN, as a temporary joint managing conservatorS, shall have the following rights and duties:

1.     the duty of care, control, protection, and reasonable discipline of the children;
2.     the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;
3.     the right to consent for the children to medical and dental care not involving an invasive procedure, and
4.     the right to direct the moral and religious training of the children

IT IS ORDERED that, during his respective periods of possession, JUANA ALCALA, as a temporary joint managing conservator, shall have the following rights and duties:

1.     the duty of care, control, protection, and reasonable discipline of the children;
2.     the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure,
3.     the right to consent for the children to medical and dental care not involving an invasive procedure, and
4.     the right to direct the moral and religious training of the children.

IT IS ORDERED that NOE ALEMAN, JR. and ISABELA ALEMAN, as a temporary joint managing conservators, shall have the following rights and duty:

1.     the exclusive right to designate the primary residence of the children without regard to geographic location;
2.     the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment of the children;
3.     the exclusive right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;
4.     the exclusive right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;
5.     the exclusive right to consent to marriage and to enlistment in the armed forces of the United States;
6.     the exclusive right to make decisions concerning the children's education,
7.     the exclusive right to the services and earnings of the children.
8.     except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the exclusive right to act as an agent

# EXHIBIT
# "D"



# AMERICAS HIGH SCHOOL
### SOCORRO INDEPENDENT SCHOOL DISTRICT
12101 Pellicano Dr.   El Paso, Texas 79936-4400   (915) 937-2800   Fax (915) 855-6898

Principal - Mary Ross
Assistant Principal - Elena Acosta
Assistant Principal - Patricia Ayala
Assistant Principal - Gregorio DeAnda
Assistant Principal - Joseph Menago III
Assistant Principal - Maureen Tipton



## GRADE REPORT

TO THE PARENT/GUARDIAN OF:
ALEMAN, AZUCENA ALCALA
1750     PLUMED QUAIL LN
EL PASO    TX   79936

| STUDENT ID | STUDENT NAME | GRADE | SEX | BUILDING |
|---|---|---|---|---|
| 164111 | ALEMAN, AZUCENA ALCALA | 09 | F | 4 |

| HOMEROOM | COUNSELOR | TERM | SCHOOL YEAR | DATE PRINTED |
|---|---|---|---|---|
| P-3 P | APODACA, SYLVIA | 1 | 2005 | 10/15/2004 |

| COURSE | TEACHER | MP1 MP2 | SEM | MP3 MP4 | SEM | FINAL | LOC ABS | CIT | CREDIT |
|---|---|---|---|---|---|---|---|---|---|
| ALGEBRA I A   YI | PAYAN, ADOLFO | 72 | | | | | | 1 | |
| LOCAL CRED A YI | PAYAN, ADOLFO | 72 | | | | | | 1 | |
| PE-FOUND PER | BROWN, DENNIS | 89 | | | | | | 1 | |
| SPANISH 1 A   N | ESCOBAR, EVAN | 88 | | | | | | 1 | |
| READING 1A   RI | DELGADO, ROBE | 72 | | | | | | 1 | |
| PRACT WRSK A RI | SUBIA, CAROLI | 83 | | | | | | 1 | |
| BIOLOGY A    RI | AMAYA, FRED A | 71 | | | | | | 1 | |
| W GEOGRAPHY  YI | DOMINGUEZ, PE | 76 | | | | | | 1 | |

"*" Indicates Loss-of-Credit due to excessive absences.

| CITIZENSHIP DESCRIPTION | |
|---|---|
| Satisfactory | 1 |
| Needs Improvemnet | 2 |
| Unsatisfactory | 3 |

TO SCHEDULE A CONFERENCE, PLEASE CALL 937-2800.

Coronado High School
100 Champions Place
El Paso, Tx 79912

Aleman, Azucena                                          ID          Grade           Report Period
                                                        438493       10              From 04/11/05    To    05/25/05

| Prd | Course | Teacher | Mark | Credit Earned | Citz | W/H Abs | Class Teacher Comments |
|-----|--------|---------|------|---------------|------|---------|------------------------|
| 01 | SPAN 1b SS | Jarquin Elena | INC | | | | |
| 02 | ALGEBRA 1b | Palma Josefin | 49 | | | | |
| 33 | ENG 1b SOL | Torres Fidel | 78 | | | | |
| 04 | RDG 1b SOL-I | Torres Fidel | 76 | | | | |
| 05 | W GEOG b | Cuthberson M | 90 | | | | |
| 06 | BIO 1b | Rodriguez Hec | 100 | | | | |

Progress Report 6th Six Weeks

6th Six Weeks

Mr & Mrs Aleman
RE: Azucena Aleman
770 Martha Gale
E. Paso, Tx 79912

Present: 0 Home Room:



# REPORT CARD

**Coronado High School**
100 Champions Place
El Paso, Tx 79912

**El Paso Independent School District**

| COURSE | TEACHER | ACADEMIC MARKS | | | | | | ATTENDANCE | | | CREDITS EARNED | COMMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

STUDENT: Azucena Aleman    GRADE: 10
REPORT PERIOD: 4th Six Weeks    FROM 02/21/05 TO 04/08/05

| COURSE | TEACHER | 1st 2nd 3rd Sem1Sem1 4th 5th 6th Sem2 Sem2 Prog Abs Tdy Tot | Conduct | CREDITS EARNED |
|---|---|---|---|---|
| SPAN 1b SS | Jarquin Elen | 74 87 | S | 0.000 |
| ALGEBRA 1b | Palma Josef | 71 | S | 0.000 |
| ENG 1b SOL | Torres Fidel | 84 75 | S | 0.000 |
| RDG 1b SOL-I | Torres Fidel | 70 76 1 | S | 0.000 |
| W GEOG b | Cuthberson M | 50 88 1 | S | 0.000 |
| BIO 1b | Rodriguez He | 94 87 | S | 0.000 |

** PAGE 1 OF 1 **

EXPLANATION OF MARKS

Mr & Mrs. Aleman
RE: Azucena Aleman
770 Martha Gale
El Paso, Tx 79912

Home Room:

Copyright © 2003 El Paso Independent School District. All rights reserved.

Laser Form # 128120



**REPORT CARD**

Coronado High School
100 Champions Place
El Paso, Tx 79912

El Paso Independent School District

** PAGE 1 OF 1 **

| COURSE | TEACHER |
|---|---|
| SPAN 1b ss | Jarquin Elen |
| ALGEBRA 1b | Palma Josefi |
| ENG 1b SOL | Torres Fidel |
| ENG 1b SOL | Torres Fidel |
| REG 1b SOL-I | Cutherson M |
| W GEOG b | Rodriguez He |
| BIO 1b | |

STUDENT

ACADEMIC MARKS

1st 2nd 3rd Sem1 Sem1 4th 5th 6th Sem2 Sem2 Pro) Abs Tdy

74
70
84
81
50
94

CRDTS EARNED
S   0.000
S   0.000
S   0.000
S   0.000
S   0.000
S   0.000

EXPLANATION OF MARKS

Mr & Mrs Aleman
RE: Azucena Aleman
770 Martha Gale
El Paso, Tx 79912

Reminder: Spring Break March 21, 2005 thru March 28, 2005.

Copyright © 2003 El Paso Independent School District All rights reserved.

Torres, t.



# AMERICAS HIGH SCHOOL
## SOCORRO INDEPENDENT SCHOOL DISTRICT
12101 Pellicano Dr.   El Paso, Texas 79936-4400   (915) 937-2800   Fax (915) 855-6898

Principal - Mary Rosa
Assistent Principal - Elena Acosta
Assistent Principal - Patricia Ayala
Assistent Principal - Gregorio DeAnda
Assistent Principal - Joseph Manago III
Assistent Principal - Maureen Tipton



## GRADE REPORT

TO THE PARENT/GUARDIAN OF:
ALEMAN, JESSICA ALCALA
1750    PLUMED QUAIL LN
EL PASO    TX    79936

| STUDENT ID | STUDENT NAME | GRADE | SEX | BUILDING |
|---|---|---|---|---|
| 164112 | ALEMAN, JESSICA ALCALA | 09 | F | 4 |

| HOMEROOM | COUNSELOR | MRKNG | SCHOOL YEAR | DATE PRINTED |
|---|---|---|---|---|
| D107 | APODACA, SYLVIA | 1 | 2005 | 10/15/2004 |

| COURSE | TEACHER | MP1 | MP2 | MP3 | MP4 | MP5 | SEM | FINAL | LOC | ABS | CIT | CREDITS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ART I-A | ROMERO, CARLO | 87 | | | | | | | | | 1 | |
| BIOLOGY A    CWC | AMAYA, FRED A | 70 | | | | | | | | | 1 | |
| W HISTORY    RI | SOTO, ERIC D | 87 | | | | | | | | | 1 | |
| ACE PREP/PARENT | POPE, KAMI | 91 | | | | | | | | | 1 | |
| READING 1A    RI | DELGADO, ROBB | 89 | | | | | | | | | 1 | |
| PRACT WRSK A RI | SUBIA, CAROLI | 87 | | | | | | | | | 1 | |
| ALGEBRA I A  RI | BACA, PAUL | 76 | | | | | | | | | 1 | |
| LOCAL CRED A RI | BACA, PAUL | 76 | | | | | | | | | 1 | |

"*" Indicates Loss-of-Credit due to excessive absences.

| CITIZENSHIP DESCRIPTION | |
|---|---|
| Satisfatory | 1 |
| Needs Improvemnet | 2 |
| Unsatisfactory | 3 |

TO SCHEDULE A CONFERENCE, PLEASE CALL 937-2800.

**Aleman, Jessica**                    **Grades**
**Thu, Mar 3, 2005    04:16 PM    Page: 1**

| Last Name | First Name | Middle Name | Grd | Gen | Student ID |
|---|---|---|---|---|---|
| Aleman | Jessica | | 10 | F | 438492 |

**Show All Data**                    Show Marks Only

| | Beg | End | | | Teacher | 4th | | | | Abs | Tdy |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ln | Per | Per | Crs-ID | Crs Title | Name | 6wk | Cond | Cmt 1 | Cmt 2 | Tot | Tot |
| 1 | 01 | 01 | S21000 | W HISTORY b | Duckett | 77 | S | | | | |
| 2 | 02 | 02 | E12300 | RDG 1b SOL-I | Plasencia Tan | 80 | S | | | | |
| 3 | 03 | 03 | E31400 | ENG 1b SOL | Plasencia Tan | 81 | S | | | | |
| 4 | 04 | 04 | M61000 | ALGEBRA 1b | Palma Josefin | 80 | S | | | | |
| 5 | 05 | 05 | A02000 | ART 1b | Valadez Rudo | 80 | S | | | | |
| 6 | 06 | 06 | C15000 | BIO 1b | Rodriguez He | 90 | S | | | | |

Class Information                    4th Six Weeks

Total  Credits:  Comp  0.000        Att  3.000

NGA  0.0000

# REPORT CARD

**El Paso Independent School District**

Coronado High School
100 Champions Place
El Paso, Tx 79912

**STUDENT:** Aleman Jessica
**REPORT PERIOD:** 438492
**GRADE:** 10
**FROM** 02/03/05 **TO** 04/08/05

| COURSE | TEACHER | 1st | 2nd | CREDITS EARNED |
|---|---|---|---|---|
| W HISTORY b | Duckett | 77 | 88 | S  0.000 |
| RDG 1b SOL-I | Plasencia Ta | 80 | 78 | S  0.000 |
| ENG 1b SOL | Plasencia Ta | 81 | 78 | S  0.000 |
| ALGEBRA 1b | Palma Josefi | 80 | 79 | S  0.000 |
| ART 1b | Valadez Rudo | 80 | 84 | S  0.000 |
| BIO 1b | Rodriguez He | 90 | 100 | S  0.000 |

** PAGE 1 OF 1 **

Mr. & Mrs. Noe Aleman
RE: Jessica Aleman
770 Martha Gale
El Paso, Tx 799-2

Home Room:

Copyright © 2003 El Paso Independent School District. All rights reserved.

Laser Form # 128720



# REPORT CARD

Coronado High School
100 Champions Place
El Paso, Tx 79912

| COURSE | TEACHER |
|--------|---------|
| W HISTORY b | Duckett |
| RDG 1b SOL-I | Plasencia Ta |
| ENG 1b SOL-I | Plasencia Ta |
| ALGEBRA 1b | Pena Josefi |
| ART 1b | Valadez Rud |
| BIO 1b | Rodriguez He |

ACADEMIC MARKS

1st 2nd 3rd Sem1Sem 4th 5th 6th Sem2Sem2Proj Abs Tdy
6wk 6wk 6wk Exam Fin 6wk 6wk 6wk Exam Fin Sem2 Tot Tot

77
80
81
80
90

CONDUCT / CREDITS EARNED

S 0.000
S 0.000
S 0.000
S 0.000
S 0.000
S 0.000

El Paso Independent School District

** PAGE 1 OF 1 **

EXPLANATION OF MARKS

Mr. & Mrs. Noe Aleman
RE: Jessica Aleman
770 Martha Galean
El Paso, Tx 79912

Reminder: Spring Break March 21, 2005 thru March 28, 2005.

Copyright © 2003 El Paso Independent School District. All rights reserved.

Laser Form #1287.

# EXHIBIT
## "E"

U.S. Department of Justice
Immigration and Naturalization Service

OMB #1115-0054
**Petition for Alien Relative**

## DO NOT WRITE IN THIS BLOCK - FOR EXAMINING OFFICE USE ONLY

| A# | Action Stamp | Fee Stamp |
|---|---|---|

Section of Law/Visa Category
- [ ] 201(b) Spouse - IR-1/CR-1
- [ ] 201(b) Child - IR-2/CR-2
- [ ] 201(b) Parent - IR-5
- [ ] 203(a)(1) Unm S or D - F1-1
- [ ] 203(a)(2)(A) Spouse - F2-1
- [ ] 203(a)(2)(A) Child - F2-2
- [ ] 203(a)(2)(B) Unm S or D - F2-4
- [ ] 203(a)(3) Married S or D - F3-1
- [ ] 203(a)(4) Brother/Sister - F4-1

Petition was filed on _____  priority date ____
- [ ] Personal Interview
- [ ] Previously Forwarded
- [ ] Pet. [ ] Ben. "A" File Reviewed
- [ ] I-485 Filed Simultaneously
- [ ] Field Investigation
- [ ] 203(a)(2)(A) Resolved
- [ ] 201(g) Resolved
- [ ] 203(g) Resolved

Remarks:

## A. Relationship    You are the petitioner; your relative is the beneficiary.

| 1. I am filing this petition for my: | 2. Are you related by adoption? | 3. Did you gain permanent residence through adoption? |
|---|---|---|
| [ ] Husband/Wife  [ ] Parent  [ ] Brother/Sister  [X] Child | [X] Yes  [ ] No | [ ] Yes  [X] No |

## B. Information about you

**1. Name (Family Name in CAPS)** (First) (Middle)
ALEMAN Jr.    Noe

**2. Address (Number and Street)** (Apt. No.)
770 Martha Gale

(Town or City) (State/Country) (ZIP/Postal Code)
El Paso    Texas    79912

**3. Place of Birth (Town or City)** (State/Country)
Mc Allen Texas    USA

**4. Date of Birth (Month/Day/Year)** 08/21/1963
**5. Gender** [X] Male [ ] Female
**6. Marital Status** [X] Married [ ] Single [ ] Widowed [ ] Divorced

**7. Other Names Used (including maiden name)**
N/A

**8. Date and Place of Present Marriage (if married)**
08/23/1986    Brownsville, TX

**9. Social Security Number (if any)** 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
**10. Alien Registration Number** None

**11. Name(s) of Prior Husband(s)/Wive(s)** **12. Date(s) Marriage(s) Ended**
N/A

**13. If you are a U.S. citizen, complete the following:**
My citizenship was acquired through (check one):
- [X] Birth in the U.S
- [ ] Naturalization. Give certificate number, date and place of issuance.
- [ ] Parents. Have you obtained a certificate of citizenship in your own name?  [ ] Yes. Give certificate number, date and place of issuance.  [ ] No

**14a. If you are a lawful permanent resident alien, complete the following:** Date and place of admission for, or adjustment to, lawful permanent residence and class of admission
N/A

**14b. Did you gain permanent resident status through marriage to a United States citizen or lawful permanent resident?**
[ ] Yes  [X] No

## C. Information about your relative

**1. Name (Family Name in CAPS)** (First) (Middle)
ALEMAN    Azucena

**2. Address (Number and Street)** (Apt. No.)
770 Martha Gale

(Town or City) (State/Country) (ZIP/Postal Code)
El Paso    Texas    79912

**3. Place of Birth (Town or City)** (State/Country)
Borgos    Tamaulipas    Mexico

**4. Date of Birth (Month/Day/Year)** 05/26/1990
**5. Gender** [ ] Male [X] Female
**6. Marital Status** [ ] Married [X] Single [ ] Widowed [ ] Divorced

**7. Other Names Used (including maiden name)**
Lubia Galvan

**8. Date and Place of Present Marriage (if married)**
N/A

**9. Social Security Number (if any)** **10. Alien Registration Number**
N/A

**11. Name(s) of Prior Husband(s)/Wive(s)** **12. Date(s) Marriage(s) Ended**
N/A

**13. Has your relative ever been in the U.S.?** [X] Yes [ ] No

**14. If your relative is currently in the U.S. complete the following:**
He or she last arrived as a: Paroled
(visitor, student, stowaway, without inspection, etc.)
Arrival/Departure Record (I-94)    Date arrived (Month/Day/Year)
B244778300 10    03/12/2004
Date authorized stay expired, or will expire,
as shown on Form I-94 or I-95    03/12/2004

**15. Name and address of present employer (if any)**
N/A
Date this employment began (Month/Day/Year)

**16. Has your relative ever been under immigration proceedings?**
[ ] No  [X] Yes  Where El Paso  When ____
[ ] Removal  [X] Exclusion/Deportation  [ ] Recision  [ ] Judicial Proceeding

INITIAL RECEIPT ____ RESUBMITTED ____ RELOCATED Rec'd ____ Sent ____ COMPLETED Appv'd ____ Denied ____ Ret'd ____

Form I-130 (Rev. 06/05/02) Y

## C. Information about your relative (continued)

**17. List husband/wife and all children of your relative.**

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|---|---|---|---|
| N/A | | | |

**18. Address in the United States where your relative intends to live.**

| (Street Address) | (Town or City) | (State) |
|---|---|---|
| 770 Martha Gate | El Paso | Texas |

**19. Your relative's address abroad (Include street, city, province and country)**

| | | | Phone Number (if any) |
|---|---|---|---|
| Egido Emiliano Zapata Numero Conocido | Burgos Tamaulipas | Mexico | None |

**20. If your relative's native alphabet is other than Roman letters, write his or her name and foreign address in the native alphabet.**

(Name)          Address (Include street, city, province and country):

**21. If filing for your husband/wife, give last address at which you lived together.   (Include street, city, province, if any, and country)**

| | From: (Month) (Year) | To: (Month) (Year) |
|---|---|---|
| N/A | | |

**22. Complete the information below if your relative is in the United States and will apply for adjustment of status.**

Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service in   El Paso    Texas   . If your relative is not eligible for adjustment of status, he or she
                                                                (City)         (State)

will apply for a visa abroad at the American consular post in   Cd. Juarez      Mexico
                                                                      (City)        (Country)

NOTE: Designation of an American embassy or consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that post. Acceptance is at the discretion of the designated embassy or consulate.

## D. Other information

**1. If separate petitions are also being submitted for other relatives, give names of each and relationship.**

Aleman, Jessica and Saida

**2. Have you ever filed a petition for this or any other alien before?**   [X] Yes   [ ] No

If "Yes", give name, place and date of filing and result.

Isabel Alcala de Aleman Dallas TX in 1986 Granted

WARNING:  INS investigates claimed relationships and verifies the validity of documents. INS seeks criminal prosecutions when family relationships are falsified to obtain visas.

PENALTIES:  By law, you may be imprisoned for not more than five years or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws. In addition, you may be fined up to $10,000 or imprisoned up to five years, or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

YOUR CERTIFICATION:  I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

## E. Signature of petitioner.

Date 07/02/04    Phone Number 915-833-7264

## F. Signature of person preparing this form, if other than the petitioner.

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name  Patricia D. Chew and Associates, P.C.       Signature _____    Date 07/02/04

Address  5955 Gateway West Suite 440 El Paso, TX 79925       G-28 ID or VOLAG Number, if any.  04189450

Form I-130 (Rev. 06/05/21) Page 2

U.S. Department of Justice
Immigration and Naturalization Service

OMB #1115-0051

# Petition for Alien Relative

| DO NOT WRITE IN THIS BLOCK - FOR EXAMINING OFFICE USE ONLY | | |
|---|---|---|
| A# | Action Stamp | Fee Stamp |

**Section of Law/Visa Category**
- [ ] 201(b) Spouse - IR-1/CR-1
- [ ] 201(b) Child - IR-2/CR-2
- [ ] 201(b) Parent - IR-5
- [ ] 203(a)(1) Unm. S or D - F1-1
- [ ] 203(a)(2)(A) Spouse - F2-1
- [ ] 203(a)(2)(A) Child - F2-2
- [ ] 203(a)(2)(B) Unm. S or D - F2-4
- [ ] 203(a)(3) Married S or D - F3-1
- [ ] 203(a)(4) Brother/Sister - F4-1

Petition was filed on _____ (priority date)
- [ ] Personal Interview
- [ ] Pet. [ ] Ben. "A" File Reviewed
- [ ] Field Investigation
- [ ] 203(a)(2)(A) Resolved
- [ ] Previously Forwarded
- [ ] I-485 Filed Simultaneously
- [ ] 204(g) Resolved
- [ ] 203(g) Resolved

Remarks:

## A. Relationship    You are the petitioner; your relative is the beneficiary.

| 1. I am filing this petition for my: | 2. Are you related by adoption? | 3. Did you gain permanent residence through adoption? |
|---|---|---|
| [ ] Husband/Wife  [ ] Parent  [ ] Brother/Sister  [X] Child | [X] Yes  [ ] No | [ ] Yes  [X] No |

## B. Information about you

**1. Name** (Family Name in CAPS) (First) (Middle)
ALEMAN Jr.    Noe

**2. Address** (Number and Street) (Apt. No.)
770 Martha Gale

| (Town or City) | (State/Country) | (ZIP/Postal Code) |
|---|---|---|
| El Paso | Texas | 79912 |

**3. Place of Birth** (Town or City) (State/Country)
Mc Allen Texas

| 4. Date of Birth (Month/Day/Year) | 5. Gender | 6. Marital Status |
|---|---|---|
| 08/21/1963 | [X] Male  [ ] Female | [X] Married  [ ] Widowed  [ ] Single  [ ] Divorced |

**7. Other Names Used** (including maiden name)
N/A

**8. Date and Place of Present Marriage** (if married)
06/23/1986    Brownsville, TX

| 9. Social Security Number (if any) | 10. Alien Registration Number |
|---|---|
| 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 | N/A |

| 11. Name(s) of Prior Husband(s)/Wife(s) | 12. Date(s) Marriage(s) Ended |
|---|---|
| N/A | |

**13. If you are a U.S. citizen, complete the following:**
My citizenship was acquired through (check one):
- [X] Birth in the U.S.
- [ ] Naturalization. Give certificate number, date and place of issuance

[ ] Parents. Have you obtained a certificate of citizenship in your own name?
- [ ] Yes. Give certificate number, date and place of issuance  [ ] No

**14a. If you are a lawful permanent resident alien, complete the following:** Date and place of admission for, or adjustment to, lawful permanent residence and class of admission

**14b. Did you gain permanent resident status through marriage to a United States citizen or lawful permanent resident?**
- [ ] Yes  [X] No

## C. Information about your relative

**1. Name** (Family Name in CAPS) (First) (Middle)
ALEMAN    Jessica    Alcala

**2. Address** (Number and Street) (Apt. No.)
770 Martha Gale

| (Town or City) | (State/Country) | (ZIP/Postal Code) |
|---|---|---|
| El Paso | Texas | 79912 |

**3. Place of Birth** (Town or City) (State/Country)
Burgos    Tamaulipas    Mexico

| 4. Date of Birth (Month/Day/Year) | 5. Gender | 6. Marital Status |
|---|---|---|
| 03/08/1989 | [ ] Male  [X] Female | [ ] Married  [ ] Widowed  [X] Single  [ ] Divorced |

**7. Other Names Used** (including maiden name)
Yesica Magali Galvan

**8. Date and Place of Present Marriage** (if married)
N/A

| 9. Social Security Number (if any) | 10. Alien Registration Number |
|---|---|
| N/A | N/A |

| 11. Name(s) of Prior Husband(s)/Wife(s) | 12. Date(s) Marriage(s) Ended |
|---|---|
| N/A | |

**13. Has your relative ever been in the U.S.?**  [X] Yes  [ ] No

**14. If your relative is currently in the U.S., complete the following:**
He or she arrived as a: **Paroled**
(visitor, student, stowaway, without inspection, etc.)

| Arrival/Departure Record (I-94) | Date arrived (Month/Day/Year) |
|---|---|
| 824477840 10 | 03/12/2004 |

Date authorized stay expired, or will expire, as shown on Form I-94 or I-95    03/12/2004

**15. Name and address of present employer** (if any)
N/A

Date this employment began (Month/Day/Year)

**16. Has your relative ever been under immigration proceedings?**
[ ] No  [X] Yes  Where: El Paso    When: _____
[ ] Removal  [X] Exclusion/Deportation  [ ] Rescission  [ ] Judicial Proceedings

INITIAL RECEIPT ____ RESUBMITTED ____ RELOCATED: Rec'd ____ Sent ____ COMPLETED: Appvd ____ Denied ____ Ret'd ____

Form I-130 (Rev. 06/05/01) Y

## C. Information about your relative (continued)

**17. List husband/wife and all children of your relative.**

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|--------|----------------|-----------------|--------------------|
| N/A | | | |

**18. Address in the United States where your relative intends to live.**

| (Street Address) | (Town or City) | (State) |
|------------------|----------------|---------|
| 770 Martha Gale | El Paso | Texas |

**19. Your relative's address abroad (Include street, city, province and country)**

Phone Number (if any)

| Egido Emiliano Zapata Numero Conocido | Burgos Tamaulipas | Mexico | None |
|---|---|---|---|

**20. If your relative's native alphabet is other than Roman letters, write his or her name and foreign address in the native alphabet.**

(Name)          Address (Include street, city, province and country):

**21. If filing for your husband/wife, give last address at which you lived together. (Include street, city, province, if any, and country).**

From: (Month) (Year)    To: (Month) (Year)

N/A

**22. Complete the information below if your relative is in the United States and will apply for adjustment of status**

Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service in   El Paso   ,   Texas   . If your relative is not eligible for adjustment of status, he or she
                                                                              (City)         (State)

will apply for a visa abroad at the American consular post in   Cd. Juarez          Mexico
                                                                     (City)            (Country)

NOTE: Designation of an American embassy or consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that post. Acceptance is at the discretion of the designated embassy or consulate.

## D. Other information

**1. If separate petitions are also being submitted for other relatives, give names of each and relationship.**

Aleman, Azucena and Saida/ Sisters

**2. Have you ever filed a petition for this or any other alien before?**   [X] Yes   [ ] No
If "Yes", give name, place and date of filing and result.

Isabel Alcala de Aleman/Dallas TX in 1986 Granted

WARNING: INS investigates claimed relationships and verifies the validity of documents. INS seeks criminal prosecutions when family relationships are falsified to obtain visas.

PENALTIES: By law, you may be imprisoned for not more than five years or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws. In addition, you may be fined up to $10,000 or imprisoned up to five years, or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

YOUR CERTIFICATION: I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

## E. Signature of petitioner.

Date 07/02/04   Phone Number 915-833-7269

## F. Signature of person preparing this form, if other than the petitioner.

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name   Patricia B. Chew and Associates, P.C.          Signature                          Date 07/06/04

Address   5959 Gateway West suite 440 El Paso, TX 79925     G-28 ID or VOLAG Number, if any   04189450

Form I-130 (Rev. 06/3/02) Y Page 2

# EXHIBIT
## "F"

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>SRC 04 194-51704 | | CASE TYPE  I130    IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN |
|---|---|---|
| RECEIVED DATE<br>July 7, 2004 | PRIORITY DATE | PETITIONER<br>ALEMAN JR, NOE |
| NOTICE DATE<br>July 8, 2004 | PAGE<br>1 of 1 | BENEFICIARY<br>ALEMAN, AZUCENA |

PATRICIA B. CHEW
PATRICIA B CHEW & ASSOC P C
5959 GATEWAY W STE 440
EL PASO TX 79925

Notice Type:  Receipt Notice

Amount received: $ 185.00

Section: Unmarried child (under age 21)
of U.S. Citizen, 201(b) INA

The above application or petition has been received.  It usually takes 550 to 625 days from the date of this receipt for us to process this type of case.  Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case.  You can also use the phone number (800) 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283.  If you are hearing impaired, please call our TDD at 1-800-767-1833.

You can also visit the INS on the internet at www.bcis.gov. On our web site you can get up to date case status information on your case and find valuable information about immigration services and benefits.

Please see the additional information on the back.  You will be notified separately about any other cases you filed
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283



Form I-797 (Rev. 11/05/91) N

U.S. Citizenship and Immigration Se...                          **I-797, Notice of Action**



## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>SPC-04-194-51728 | CASE TYPE  I130    IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN |
|---|---|
| RECEIVED DATE<br>July 7, 2004 | PRIORITY DATE | PETITIONER<br>ALEMAN JR, NOE |
| NOTICE DATE<br>July 8, 2004 | PAGE<br>1 of 1 | BENEFICIARY<br>ALEMAN, JESSICA A. |

| | |
|---|---|
| PATRICIA B. CHEW<br>PATRICIA B CHEW & ASSOC P C<br>5959 GATEWAY W STE 440<br>EL PASO TX 79925 | Notice Type:  Receipt Notice<br><br>Amount received: $ 185.00<br><br>Section: Unmarried child (under age 21)<br>of U.S. Citizen, 201(b) INA |

The above application or petition has been received. It usually takes 660 to 625 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (800) 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call our TDD at 1-800-767-1833.

You can also visit the INS on the internet at www.bcis.gov. On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185 1488
Customer Service Telephone: (800) 375-5283



# EXHIBIT
## "G"

ℛ 57859406

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

ADOPTION

386TH JUDICIAL DISTRICT

| | |
|---|---|
| IN THE INTEREST OF | § |
| SIADA ANABEL GALVAN, | § |
| MAGALI GALVAN, AND | § |
| LUBIA GALVAN | § |
| MINOR CHILDREN | § |

CAUSE NO. 2004CM012

## ORDER TERMINATING PARENTAL RIGHTS AND
## GRANTING ADOPTION OF CHILDREN

1   *Date of Hearing*

On the 23rd day of April, 2004 the Court heard this case.

2   *Appearances*

Petitioner, NOE ALEMAN, JR., appeared in person and through attorney of record LYDA A  NESS, and announced ready for trial

Petitioner, ISABEL ALEMAN, appeared in person and through attorney of record LYDA A. NESS, and announced ready for trial

Respondent, JUANA ALCALA, waived issuance and service of citation by waiver duly filed and did not otherwise appear.  Respondent, JUANA ALCALA, also executed an affidavit of relinquishment of parental rights as provided for by chapter 161 of the Texas Family Code

Respondent, ESTEBAN GALVAN CASANOVA, is deceased

Also appearing was SUSAN STOWE, appointed by the Court as Guardian Ad Litem of the children the subject of this suit

SIADA ANABEL GALVAN, MAGALI GALVAN and LUBIA GALVAN attended the hearing

Other individuals not appearing were

Name   WALTER DEINES, Court Order Investigator.

3   *Jurisdiction*

The Court, after examining the record and hearing the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.  All persons entitled to citation were properly cited

*S 785 7406*

4.   *Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.

5.   *Record*

The record of testimony was duly reported by the court reporter for the 339th
Judicial District Court.

6.   *Children*

The Court finds that the following children are the subject of this suit.

Name: SIADA ANABEL GALVAN
Sex: Female
Birth date: August 9, 1986

Name: MAGALI GALVAN
Sex: Female
Birth date: March 8, 1989

Name: LUBIA GALVAN
Sex: Female
Birth date: May 26, 1990

7.   *Termination*

a.   Presumed Father

The Court finds Petitioners have submitted the death certificate of ESTEBAN
GALVAN CASANOVA and that the biological father of the minor children, the subjects of
this suit, is deceased.

b.   Mother

The Court finds by clear and convincing evidence that JUANA ALCALA has-

a    executed an unrevoked or irrevocable affidavit of relinquishment of parental
rights as provided for by chapter 161 of the Texas Family Code.

The Court also finds by clear and convincing evidence that termination of the parent-
child relationship between JUANA ALCALA and the children the subject of this suit is in the
best interest of the children.

IT IS THEREFORE ORDERED that the parent-child relationship between JUANA
ALCALA and the children the subject of this suit is terminated.

8.   *Adoption*

Then the Court proceeded to consider the application of NOE ALEMAN, JR. and
ISABEL ALEMAN to adopt the children the subject of this suit.

9.   *Residence with Petitioners*

ORDER TERMINATING PARENTAL RIGHTS AND
GRANTING ADOPTION OF CHILDREN

R 5785 9406

The Court finds that the children have lived in the home of Petitioners for at least six months.

10.   Home Screening and Postplacement Report

The Court finds that the required preadoptive home screening and postplacement report have been made and are on file.

11   Health, Social, Educational, and Genetic History Report

The Court finds that the preparation and filing of the health, social, educational, and genetic history report concerning the children is not required by section 162.005 of the Texas Family Code.

12.   Criminal History Record Information

The Court finds that the criminal history record information required for NOE ALEMAN, JR. and ISBEL ALEMAN are on file in the record of this case.

13.   Consent

The Court finds that it is in the best interest of the children to be adopted who are twelve years of age or older to waive the requirement of the children's consent.

14   Adoption Granted

The Court finds that all prerequisites and requirements for adoption have been met and that the adoption is in the best interests of the children. IT IS ORDERED that the adoption of the children the subject of this suit by NOE ALEMAN, JR. and ISABEL ALEMAN is GRANTED and that the parent-child relationship is created between the children, NOE ALEMAN, JR. and ISABEL ALEMAN for all purposes

IT IS FURTHER ORDERED that the name of the child SIADA GALVAN is changed to SIADA ALCALA ALEMAN.

IT IS FURTHER ORDERED that the name of the child MAGALI GALVAN is changed to JESSICA ALCALA ALEMAN

IT IS FURTHER ORDERED that the name of the child LUBIA GALVAN is changed to AZUCENA ALCALA ALEMAN.

15   Attorney's Fees, Expenses, and Costs

IT IS ORDERED that attorney's fees are to be borne by the party who incurred them

16   Costs

IT IS ORDERED that costs of court are to be borne by the party who incurred in each

17   Report Transmitted; File Sealed

ORDER TERMINATING PARENTAL RIGHTS AND
GRANTING ADOPTION OF CHILDREN

IC· 57859406

IT IS FURTHER ORDERED that the clerk of this Court shall, after entry of final orders in this case, transmit to the Bureau of Vital Statistics at Austin, Texas, a certified report of adoption in accordance with section 108.003 of the Texas Family Code. All papers and records in this case, including the minutes of the Court, are ordered sealed.

18.   *Relief Not Granted*

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

SIGNED on _____4 May_____, 2004.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

LAW OFFICE OF LYDA A. NESS
609 Myrtle Avenue, Suite 102
El Paso, Texas 79901
Tel: (915) 351-2171
Fax: (915) 351-4053

By._____
LYDA A. NESS
State Bar No. 90001279
Attorney for Petitioners

_____
SUSAN STOWE, Guardian Ad Litem

Attorney Ad Litem for ESTEBAN GALYAN CASANOVA
State Bar No.

A TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk
By_____ Deputy

ORDER TERMINATING PARENTAL RIGHTS AND
GRANTING ADOPTION OF CHILDREN

# EXHIBIT
# "H"

06/05/2005  12:16   915-532-...   STANTON ANTCLIFF PC   PAGE  01

# Stanton & Antcliff

A Professional Corporation
Attorneys at Law

521 Texas Avenue
El Paso, Texas  79901
Tel.  (915) 532-1122
Fax.  (915) 532-1123

Thomas E. Stanton
Christopher A. Antcliff

June 6, 2005

Ms. Carmen Guerrero                    Fax to 532-4071

    RE:  Aleman Children

Dear Ms Guerrero:

    You have asked me to send to you a letter addressing several matters relating to the adoption of the Aleman children and proceedings in State and Federal Court. I have these responses:

1. The children gave testimony to the Federal Grand Jury at which I was not present. I understand from interviewing them after the testimony that they were asked a number of questions designed to determine if they were the victims of molestation. The questioning was thorough and specific and at every point the girls denied molestation.

2. The children were in the home of a Lisa Pool for a period of time under an agreement worked out with the United States related to pretrial matters. Lisa Pool is a former Child Welfare investigator and caseworker and currently works at a private social service agency. She never detected any outcry from the girls related to any allegation of abuse. She would have quickly made a report to authorities if she had done so.

3. I am the court appointed attorney for the children in state court and also in Federal Court related to the grand jury and trial subpoenas of the girls. I observed the girls alone and with their adoptive father. The interaction was always appropriate. I am the Executive Director of the Children's Justice Center Foundation and considered an expert in child abuse and child welfare matters. I never detected any abuse of any kind from the adoptive father to the children.

4. Under Texas law, the adoption of the children is final, and valid. I know of no way to attack the adoption and I know of no legal or factual grounds to attack the adoption. The trial court that approved the adoption *was informed that there was a discrepancy in the birth certificates and the reported ages of the* children through the testimony of

the home study investigator. The children had an appointed attorney (a separate person prior to my involvement) at the hearing, and the court made inquiry of that attorney, the psychologist who performed the home study, and the attorney for the father. It cannot be said that the trial judge was mislead by the father.

In summary. if any person believes that the children have been the victims of abuse, they have a legal duty to make a report to child welfare authorities. As far as I know, the immigration authorities are not exempt from the requirement to make a report in good faith based on information that a child may be subject to abuse or neglect. No such report has been made and there is not even an inference that these children have been abused.

Separately, the children's adoption is legally valid. The issues before the criminal jury in the prosecution of the father are not legal findings about the validity of the adoption. It is comparing apples and oranges.

Very truly yours,

Thomas E. Stanton

# EXHIBIT
## "I"

U.S. Department of Justice

Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: **A097 900 007**

Case No: **EP80406000285**

In the Matter of: Luvia

Respondent: **Azucena ALCALA-Aleman AKA: GALVAN-ALCALA, LUVIA AZUCENA**                    currently residing at:

**1750 PLUMED QUAIL**
**EL PASO TEXAS 79936**                                                   **(915)856-7368**

(Number, Street, city state and ZIP code)                                  (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1) You are not a citizen or national of the United States;
2) You are a native of MEXICO and a citizen of MEXICO;
3) You arrived in the United States at or near El Paso, Texas, on or about March 12, 2004;
4) You were admitted to the United States at El Paso, Texas on or about March 12, 2004 as a nonimmigrant/parolee with authorization to remain in the United States for a temporary period not to exceed 24 hours;
5) You remained in the United States beyond the 24 hours without authorization from the Immigration and Naturalization Service.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at ____
**700 E. SAN ANTONIO SUITE 675, EL PASO, TEXAS 79901**

(Complete Address of Immigration Court, Including Room Number, if any)

on **a date to be set**          at **a time to be set** to show why you should not be removed from the United States based on the
  (Date)                             (Time)

charge(s) set forth above.

KANDALL R. STOY
ACTING PATROL AGENT IN CHARGE
(Signature and Title of Issuing Officer)

Date: **June 30, 2004**                          **El Paso, Texas**
                                                (City and State)

**This Notice to Appear supersedes the Notice to Appear issued on June 15, 2004.**

### See reverse for important information

Form I-862 ( rev. 3/22/99)N

# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____

(Signature and Title of INS Officer)

Date: _6/30/04_

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _June 30, 2004_____, in the following manner and in
                                                              (Date)
compliance with section 239(a)(1)(F) of the Act:

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail
☐ Attached is a credible fear worksheet.
☐ Attached is a list of organizations and attorneys which provide free legal services.
The alien was provided oral notice in the _Spanish_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____              SILVIA MURILLO
(Signature of Respondent if Personally Served)   SENIOR PATROL AGENT
                                              (Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

U.S. Department of Justice
Immigration and Naturalization Service

**Additional Charges of Inadmissability/Deportability**

In: ☐ Removal proceedings under section 240 of the Immigration and Nationality Act

☐ Deportation proceedings commenced prior to April 1, 1997 under former section 24 ! of the Immigration and Nationality Act

**In the Matter of:**                                                                 *15 years O'd*

Alien/Respondent: Azucena Alcala-Aleman, AKA: Galvan-Alcala, Luvia Azucena

File No: A97 900 007                Address: P.O. Box 880, Las Cruces, New Mexico 88004

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

**STRIKE CHARGE UNDER 237(a)(1)(B)**

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as amended, as an immigrant who at the time of application for admission, is not in possession of a valid unexpired visa, reentry permit, border crossing identification card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document.

*YOU ARE AN ARRIVING ALIEN*

In support of the additional charge(s) there is submitted the following factual allegation(s) ☐ in additic s to ☐ **STRIKE ALLEGATIONS 3, 4 AND 5** set forth in the original charging document:

3. You are an arriving alien.
4. You applied for admission into the United States on or about March 12, 2004 at or near the Paso del Norte Port of Entry in El Paso, Texas.
5. At that time you were paroled into the United States with authorization to remain in the United States for a temporary period not to exceed 24-hours.
6. You are an immigrant not in possession of a valid unexpired visa, reentry permit, border crossing identification card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document.

Dated: _6/6/05_

_____
(Signature of Service Attorney)

Form I-261 (Rev. 4/1/97)N

U. S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A097 900 005
Case No: EP80406000285

In the Matter of:

Respondent: __Jessica ALCALA-Aleman AKA: GALVAN-Alcala, YESICA MAGALI__ currently residing at:

__1750 PLUMED QUAIL__
__EL PASO TEXAS 79936__    (915)856-7368

(Number, street, city state and ZIP code)    (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1) You are not a citizen or national of the United States;
2) You are a native of MEXICO and a citizen of MEXICO;
3) You were admitted to the United States at El Paso, Texas on or about March 12, 2004 as a nonimmigrant with authorization to remain in the United States for a temporary period not to exceed 1 (One) day;
4) You remained in the United States beyond the 1 (One) day without authorization from the Immigration and Naturalization Service.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
__700 E. SAN ANTONIO SUITE 675, EL PASO, TEXAS 79901__
(Complete Address of Immigration Court, Including Room Number, if any)
on __a date to be set__ at __a time to be set__ to show why you should not be removed from the United States based on the
      (Date)              (Time)
charge(s) set forth above.

RANDALL R. STOY
ACTING PATROL AGENT IN CHARGE
(Signature and Title of Issuing Officer)

Date: __June 30, 2004__    __El Paso, Texas__
(City and State)

**This Notice to Appear supersedes the Notice to Appear issued on June 15, 2004.**
**See reverse for important information**

Form I-862 ( rev. 3/22/99)IN

## Notice to Respondent

**War .ing:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attor ley or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you suff cient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will I e provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which y )u desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and r certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to h; ve such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and t lat you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evi lence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to app( al an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appe ir eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to he immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this addre s. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the t me and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made I y the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to a ppearing before an immigration judge.

Before: _____

(Signature and Title of INS Officer)

_Jessica Alcala Aleman_
(Signature of Respondent)

Date: _30 /06 /04_

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on __June 30, 2004_____, in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

☒ in person         ☐ by certified mail, return receipt requested         ☐ by regular mail
☐ Attached is a credible fear worksheet.
☐ Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the __Spanish_____language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_Jessica Alcala Aleman_
(Signature of Respondent if Personally Served)

_____
SENIOR PATROL AGENT
(Signature and Title of Officer)

Form I-862 (Re . 3/22/99)N

U.S. Department of Justice
Immigration and Naturalization Service

**Additional Charges of Inadmissibility/Deportability**

In:  ☐ Removal proceedings under section 240 of the Immigration and Nationality Act

   ☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

*16 years Old*

**In the Matter of:**

Alien/Respondent:  Jessica Alcala-Aleman, AKA: Galvan-Alcala, Yesica Magali

File No: A97 900 005          Address: P.O. Box 880, Las Cruces, New Mexico 88004

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

**STRIKE CHARGE UNDER 237(a)(1)(B)**

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as amended, as an immigrant who at the time of application for admission, is not in possession of a valid unexpired visa, reentry permit, border crossing identification card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document.

*YOU ARE AN ARRIVING ALIEN*

In support of the additional charge(s) there is submitted the following factual allegation(s) ☐ in addition to ☐ STRIKE ALLEGATIONS 3, 4 AND 5 set forth in the original charging document:

3. You are an arriving alien.
4. You applied for admission into the United States on or about March 12, 2004 at or near the Paso del Norte Port of Entry in El Paso, Texas.
5. At that time you were paroled into the United States with authorization to remain in the United States for a temporary period not to exceed 24-hours.
6. You are an immigrant not in possession of a valid unexpired visa, reentry permit, border crossing identification card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document.

Dated: *6/6/05*

_____
(Signature of Service Attorney)

Form I-261 (Rev. 4/1/1997)

# EXHIBIT
## "J"

**JUVENILE** 

IMMIGRATION COURT
700 E. SAN ANTONIO, SUITE 675
EL PASO, TX 79901

In the Matter of

Case No.: A97-900-007

ALCALA-ALEMAN, AZUCENA
        Respondent

IN REMOVAL PROCEEDINGS
ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jun 20, 2005.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to MEXICO
     or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to MEXICO
     or in the alternative to
[ ]  Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
     with an alternate order of removal to MEXICO.
Respondent's application for:
[ ]  Asylum was ( ) granted  ( ) denied  ( ) withdrawn
[ ]  Withholding of removal was ( )granted  ( ) denied  ( ) withdrawn
[ ]  A Waiver under Section ____ was ( ) granted  ( ) denied  ( ) withdrawn
[ ]  Cancellation under Section 240A(a) was ( )granted  ( )denied ( )withdrawn
Respondent's application for:
[ ]  Cancellation under Section 240A(b)(1) was ( ) granted  ( ) denied
        ( ) withdrawn.  If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Cancellation under Section 240A(b)(2) was ( ) granted  ( ) denied
        ( ) withdrawn.  If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Adjustment of Status under Section ____ was ( ) granted  ( ) denied
        ( ) withdrawn.  If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Respondent's application of ( ) witholding of removal  ( ) deferral of
     removal under Article III of the Convention Against Torture was
        ( ) granted  ( ) denied  ( ) withdrawn.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _Motion to Recuse Denied by Court_ _____
Date:  Jun 20, 2005

_____
THOMAS C. ROEPKE
Immigration Judge

NAG

**JUVENILE**

IMMIGRATION COURT
700 E. SAN ANTONIO, SUITE 675
EL PASO, TX 79901

In the Matter of

Case No.: A97-900-005

ALCALA-ALKMAN, JESSICA
        Respondent                          IN REMOVAL PROCEEDINGS
                ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jun 20, 2005.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to MEXICO
     or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to MEXICO
     or in the alternative to
[ ]  Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
     with an alternate order of removal to MEXICO.
Respondent's application for:
[ ]  Asylum was ( ) granted  ( ) denied  ( ) withdrawn
[ ]  Withholding of removal was ( ) granted  ( ) denied  ( ) withdrawn
[ ]  A Waiver under Section ____ was ( ) granted ( ) denied ( ) withdrawn
[ ]  Cancellation under Section 240A(a) was ( ) granted ( ) denied ( ) withdrawn
Respondent's application for:
[ ]  Cancellation under Section 240A(b)(1) was ( ) granted  ( ) denied
        ( ) withdrawn. If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Cancellation under Section 240A(b)(2) was ( ) granted  ( ) denied
        ( ) withdrawn. If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Adjustment of Status under Section ____ was ( ) granted  ( ) denied
        ( ) withdrawn. If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Respondent's application of ( ) withholding of removal  ( ) deferral of
     removal under Article III of the Convention Against Torture was
        ( ) granted  ( ) denied  ( ) withdrawn.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[X]  Other: _Motion to Reopen Denied by Court_

Date: Jun 20, 2005

                                        THOMAS C. ROEPKE
                                        Immigration Judge

AG

# EXHIBIT
## "K"

6. **State in detail the reason(s) for this appeal. Please refer to the Instructions at part F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

The Immigration Judge erred in not recusing himself when requested to do so by Applicant's counsel. The Judge would not recuse himself because he said he had no knowledge about a criminal case that the Applicant's father had pending before the United States Western District Court of Texas. The Judge was an Assistant United States Attorney in El Paso, TX prior to joining the Executive Office of Immigration Review (EOIR) as an Immigration Judge. The Applicants' father had been indicted during the time that the EOIR judge was still an Assistant United States Attorney. The indictment relates directly to the issues that were before the Immigration Court. The Assistant United States Attorney Brandy Gardes prosecuted the Applicants' father in the United States Western District Court. The Immigration Judge had worked more than ten years with Assistant United States Attorney prosecuting similar cases. During Applicants' Immigration proceedings Assistant United States Attorney Brandy Gardes. attended the two last master hearings without being subpoenaed by Applicant's attorney or the Department of Homeland Security. The only other person who could have informed Ms. Gardes of the hearing was the Immigration Judge who had previously told Applicants' attorney to speak to Ms. Gardes. Applicant's legal representative made an oral motion on two occasions requesting that the Immigration Judge recuse himself because of a potential conflict of interest. On both occasions the Immgration Judge denied Applicants' legal representative's request stating that he was not aware of the facts of the case, yet the Immigration Judge stated the facts during the proceedings.

*(Attach additional sheets if necessary)*

**! WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals?  ☐ Yes  ☑ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal?  ☑ Yes  ☐ No

**! WARNING:** If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

9. [SIGN HERE ➡]   X _____   _____
Signature of Person Appealing   Date
*(or attorney or representative)*

Form EOIR-26
Revised Sept. 2002

*Internet Version*

### Addendum to Notice of Appeal from a Decision of an Immigration Judge

ALEMAN-ALCALA, Azucena  A 97-900-005
ALEMAN-ALCALA, Jessica  A 97-900-007

As stated in Schweiker v. McClure, 456 U.S. 188, 195 (1982), as a constitutional matter, the court has long recognized that the combining of the role of prosecutor and adjudicator in a single entity is a recipe for fundamentally unfair and erroneous decision-making. Therefore the Immigration Judge should have recused himself from hearing the Applicants' case.

The judge abused his discretion when he refused to allow the applicant's to withdraw their Application for Admission. As arriving aliens, the Applicants should have been allowed to withdraw their application for admission, so in order to allow them one day to legally enter the United States. Applicants are both minor children who have committed no crimes in the United States or anywhere in the world. The Applicants have no immediate family in Mexico. However, by the Immigration Judge ordering the Applicants removed they will be barred for ten years from entering the United States and rejoining their immediate family.

Applicants request that the Board remand the case back to the Immigration Court requesting that another Immigration Judge hear Applicant's Motion to Withdraw Application for Admission and Motion for Recusal.